UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>-vs-<br><br>RIDGEWAY PROPERTY HOLDINGS LLC, NOE DASILVA, PLATINUM DEVELOPERS LLC, REDMOUNT AERIALS  LLC<br><br>Defendant(s). | Civil Action No.<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Atain Specialty Insurance Company (hereinafter "Atain"), by way of Complaint against the defendants, says:

**PARTIES**

1. At all times hereinafter mentioned, Atain is now and was at the commencement of this action incorporated in the State of Michigan with its principal place of business located at 220 Kaufman Financial Center, 30833 Northwestern Highway, City of Farmington Hills, State of Michigan, and is a citizen of the State of Michigan.

2. At all times hereinafter mentioned, defendant, Ridgeway Property Holdings LLC., is a New Jersey limited liability company with principle place of business at 20 5th Street, Town of Lakewood, State of New Jersey, and is a citizen of New Jersey.

3. At all times hereinafter mentioned, and upon information and belief, Menachem Gutfreund is the sole member of the defendant, Ridgeway Property Holdings LLC., and resides at 20 5th Street, Town of Lakewood, State of New Jersey, and is a citizen of New Jersey.

4. At all times hereinafter mentioned, defendant, Noe DaSilva, resides at 120 Elm Street, Apartment J-4, Town of Beverly, State of New Jersey and is a citizen of New Jersey.

5. At all relevant times, defendant, Platinum Developers, LLC is a New Jersey limited liability company with its principal place of business located at 210 Ocean Avenue, Town of Lakewood, State of New Jersey.

6. At all times hereinafter mentioned, and upon information and belief, Noach Gordon is the sole member of the defendant, Platinum Developers, LLC, and resides at 210 Ocean Avenue, Town of Lakewood, State of New Jersey, and is a citizen of New Jersey.

7. At all relevant times, defendant, Redmount Aerials, LLC is a New Jersey limited liability company with its principal place of business located at 369 Bergen Avenue, Town of Lakewood, State of New Jersey.

8. At all times hereinafter mentioned, and upon information and belief, Rephael Rottenberg, and Mindy Neuhaus are the sole members of Redmount Aerials, LLC, and reside at 369 Bergen Avenue, Town of Lakewood, State of New Jersey and are citizens of New Jersey.

## JURISDICTION

9. The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. § 1332(a) in that this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs and there is complete diversity of citizenship between the plaintiff and the defendants.

10. This is an action brought pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., and there is an actual case and controversy between the parties requiring adjudication by the Court.

11. Venue is proper within this jurisdiction pursuant to 28 U.S.C. §1391(a) because, upon information and belief, one or more of each of the defendants reside or is incorporated and has its principal place of business in this judicial district.

## THE UNDERLYING LITIGATION MATTER

12. A Complaint was filed in the matter of <u>Noe DaSilva v. Platinum Developers LLC, Ridgeway Property Holdings, LLC, Redmount Aerials LLC, ABC Companies 1-10 and ERS Construction (for discovery purposes only)</u>; Docket number ESX-L-3693-20 in the New Jersey Superior Court, Essex County (hereinafter the "Litigation Matter").

13. It is alleged in the Litigation Matter that Defendant Ridgeway Property Holdings LLC., (hereinafter "Ridgeway") was the developer of a residential property located at 105 or 109 Atlantic Ave., Lakewood, New Jersey.

14. It is further alleged that Defendant Platinum Developers LLC, (hereinafter "Platinum") was the general contractor and responsible for the safe operation of the worksite.

15. It is further alleged that Defendant Redmount Aerials LLC, (hereinafter "Redmount") provided equipment used at the worksite.

16. It is further alleged that Defendants Ridgeway, Platinum, and Redmount were negligent in fulfilling their obligations which negligence resulted in a hazardous worksite.

17. It is further alleged that the hazardous conditions at the worksite resulted in a worksite accident occurring on June 6, 2019, wherein Defendant Noe DaSilva (hereinafter "DaSilva") was caused to fall from the roof of the building under construction and sustained serious injury which is alleged to be both permanent and totally disabling.

**THE INSURANCE POLICY**

18. Atain issued to Ridgeway, as named insured, a Commercial General Liability policy of insurance bearing Policy No. CIP 380079, for the policy period of March 4, 2019 through March 4, 2020.

19. The pertinent portions of the policy provide the following:

**SECTION I – COVERAGES**

**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

2) Exclusions

This insurance does not apply to:

\*\*\*

**(e) Employer's Liability**

"Bodily Injury: to:

(1) An "employee" of the insured arising out of and in the course of:

  (a) Employment by the insured;
  (b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligations to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

***

**Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers or Volunteers**.

1. Exclusion **e. Employer's Liability** in Part **2, Exclusions** of **Section I-Coverages, Coverage A. Bodily Injury and Property Damage Liability** of the **Commercial General Liability Coverage Form** is replaced by the following:

e. Employer's Liability

1. "Bodily Injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker" or "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

2. Any obligation of the insured to indemnify or contribute with another because of damages arising out of "bodily Injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker" or "volunteer worker" of any insured or any other person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

3. "Bodily injury" sustained by the spouse, parent, brother, sister, companion or offspring of an "employee" subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker" or "volunteer worker" of any insured or any person performing work or services for any insured as a consequence of "bodily injury" to such an  "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor",

6

"leased worker", "temporary worker", or "volunteer worker" of any insured or any person performing work or services for any insured in the course of his or her employment by or service to any insured; or,

4. Contractual liability as defined in Section I-Exclusions, item 2b of the Commercial General Liability Coverage Form CG 00 01.

For the purpose of this endorsement, "independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. "Independent contractor" includes but is not limited to, subcontractors and any employees of a subcontractor, and employee of an independent contractor, and "employees" of the insured, agents representatives, volunteers, spouses, family members of the insured or any Additional Insureds added to this policy.

This exclusion applies to all causes of action arising out of "bodily injury" to an "employee" subcontractor, employee of any subcontractor, "independent contractor" employee of any independent contractor", "temporary worker" "leased worker", "volunteer worker" or any person performing work or services for any insured because of "bodily injury," including care and loss of services.

\*\*\*

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This Insurance only applies to "bodily injury"…arising out of:

1. The ownership maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises

2. The project shown in the schedule.

The Schedule identifies "see BW61 for scheduled locations."

BW61 is a Schedule of Locations and includes the following properties:

| Premises No1 | Block 375 Lot 1.03 Lakewood, NJ |
| --- | --- |
| Premises No2 | Block 375 Lot 26.09 Lakewood, NJ |
| Premises No3 | Block 375 Lot 2610 Lakewood, NJ |
| Premises No4 | Block 375 Lot 26.11 Lakewood, NJ |

***

**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

**XII Amendment of Other Insurance Endorsement**

It is agreed that **Section IV-Commercial General Liability Conditions**, paragraph 4 is replaced in its entirety with the following:

This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis that is available to any other insured. You are required to give notice of claim to all potential insurers within thirty days of giving notice of claim to us.

We have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to your rights against all those other insurers.

***

## THE TENDER OF DEFENSE AND RESPONSE OF ATAIN

20. A Notice of Claim dated June 23, 2020 was issued placing Atain on notice of the Litigation Matter.

21. Atain conducted an insurance coverage investigation and based upon that investigation Atain issued to Ridgeway a Notice of Reservation of Rights dated July 14, 2020.

22. The July 14, 2020 Notice of Reservation of Rights advised Defendant Ridgeway that Atain would undertake to defend Ridgeway in the Litigation Matter but concomitantly reserved its rights to deny and disclaim all coverage at a later date because:

a. **Coverage A, Exclusion 2. (e) ("Employer's Liability") as Replaced by the Endorsement Entitled "Employees, Subcontractors, Independent Contractors Temporary Workers, Leased Workers or Volunteers"**

Under Coverage A, Exclusion 2. (e) ("Employer's Liability") as replaced by the Endorsement entitled "Employees, Subcontractors, Independent Contractors Temporary Workers, Leased Workers or Volunteers" may be applicable and negate any coverage obligation in connection with the Litigation Matter. Should further investigation reveal that the Exclusion as amended by the Endorsement applies, Atain will deny and disclaim all coverage.

8

    b.    **Limitation of Coverage to Designated Premises or Project Endorsement**

The premises identified on Schedule BW61 of the policy as Block 375 Lot 26.11 Lakewood, NJ is shown on public record as owned by Ridgeway and is located on Atlantic Ave. However, public records also show that Ridgeway Property Holdings owns Lot 26.12 as well. That lot is also on Atlantic Ave. The policy extends coverage for only a single Atlantic Ave location. Should further investigation reveal that DaSilva's accident occurred on a non-scheduled location, there would be no insurance coverage, and Atain will deny and disclaim all coverage.

    c.    **Combined Coverage and Exclusion Endorsement Amendment-XII Other Insurance Clause**

This Endorsement renders the Atain policy "excess over any other insurance, whether primary, excess, contingent or on any other basis." That coverage limitation further negates any defense obligation where any other insurer also has a defense obligation. To the extent that there is other insurance available to Ridgeway, that insurance will be primary.

## FIRST CAUSE OF ACTION

**Coverage A, Exclusion 2. (e) ("Employer's Liability") as Replaced by the Endorsement Entitled "Employees, Subcontractors, Independent Contractors Temporary Workers, Leased Workers or Volunteers" Form AF000839 (04/2016)**

23. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

24. The allegations of Litigation Matter assert a claim for "bodily injury" to an " 'employee', subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'temporary worker', 'leased worker' or 'volunteer worker' of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity."

25. Insurance coverage for the allegations of bodily injury in the Litigation Matter is excluded by direct application of Coverage A, Exclusion 2. (e) ("Employer's Liability") as replaced by the Endorsement entitled "Employees, Subcontractors, Independent Contractors Temporary Workers, Leased Workers or Volunteers".

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Defendant Ridgeway, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b. Such other, different and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### Limitation of Coverage to Designated Premises or Project Endorsement, Form CG 21 44 (07/98)

26. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

27. Upon information and belief, the allegations of Litigation Matter assert a claim for "bodily injury" that occurred at and arose out of operations at a non-designated, non-scheduled Premises or Project.

28. Insurance coverage for the allegations of bodily injury in the Litigation Matter is excluded by direct application of the "Limitation of Coverage to Designated Premises or Project" Endorsement, form CG 21 44 (07/98).

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Defendant Ridgeway, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b. Such other, different and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### Combined Coverage and Exclusion Endorsement Amendment-XII Other Insurance Clause, Form AF 001 007 (06/2017).

29. The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

30. Upon information and belief, the Defendant Ridgeway has other insurance available to it for the allegations of bodily injury asserted against it in the Litigation Matter.

31. The Atain policy obligates Defendant Ridgeway to give notice of claim to all other potential insurers within thirty days of giving notice of claim to Atain.

32. To the extent Defendant Ridgeway contends it is entitled to insurance coverage under the Atain policy for the allegations of bodily injury in the Litigation Matter, which Atain fully and completely denies Ridgeway is so entitled, any coverage under the Atain policy is excess over all other insurance available to Ridgeway whether primary, excess, contingent or on any other basis.

33. As any insurance coverage afforded by Atain is excess insurance coverage, Atain has no duty to defend Ridgeway in connection with the claims asserted against it in the Litigation Matter.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. The Atain policy is excess insurance and Atain is not obligated to defend or indemnify the defendant Ridgeway, or to pay any judgment, settlement, verdict or other award in Litigation Matter until all other insurance is exhausted by payment of settlement, judgment or verdict; and

b. Such other, different and further relief as the Court may deem just and proper.

4825-4801-5811, v. 3

## FOURTH CAUSE OF ACTION

### Interested Parties

34. The plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

35. The Defendants DaSilva, Platinum and Redmount are joined herein in order that they be bound by the Judgment of this Court as they have an interest in the presence or absence of insurance coverage for the defendant Ridgeway in the Litigation Matter.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Defendant Ridgeway, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b. Such other, different and further relief as the Court may deem just and proper.

### JURY DEMAND

The plaintiff herein demands a trial by jury.

Dated: August 26, 2020                    **BENNET BRICKLIN & SALTZBURG, LLP**

By: _____*/s/ Joseph DeDonato*_____
JOSEPH DeDONATO, ESQ. (JDD 7319)
651 Old Mt. Pleasant Avenue, Suite 270
Livingston, New Jersey 07039
P: (973) 888-2181 / F: (973) 486-6157
Email: Joseph.DeDonato@bbs-law.com
Attorneys for Plaintiff,
Atain Specialty Insurance Company
File No. 3364-120098